UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| TIMOTHY W. JONES, | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | Case No. 3:13-CV-327 |
| v. | ) | |
| | ) | Judge Mattice |
| | ) | Magistrate Judge Lee |
| HAYDEN WHALEY and DON PARTON, | ) | |
| *Defendants.* | ) | |
| | ) | |

### **MEMORANDUM AND ORDER**

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. Before the Court is defendants' unopposed motion for summary judgment. As plaintiff has not filed a response to the motion for summary judgment, the Court deems plaintiff has waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. TN. LR 7.2. For the following reasons, the motion for summary judgment will be **GRANTED IN PART** as to defendant Parton and defendant Parton will be **DISMISSED** as a defendant. The motion for summary judgment will be **DENIED IN PART** as to defendant Whaley. Defendant Whaley's motion for summary judgment based upon the assertion that plaintiff has not fully exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") will be **DENIED WITHOUT PREJUDICE**.

I.   BACKGROUND

Plaintiff filed this lawsuit as an inmate at Sevier County Jail in Sevierville, Tennessee (Doc. 1, p. 1, 3). The remaining defendants are corrections officer Hayden Whaley and Captain Don Parton (Doc. 1 p. 1, 3; Doc. 14). In his complaint, plaintiff

alleges that on May 4, 2013, four inmates assaulted him in the shower in the annex jail after defendant Whaley gave another inmate "the go ahead" (Doc. 1 p. 3). Plaintiff asserts that after the assault, he showed defendant Whaley his face and that defendant Whaley said he "knew what happen[e]d [and] did[] [not] care" (*Id.* at 4). Plaintiff states that he later notified defendant Parton that he wanted to press charges against defendant Whaley, and defendant Parton responded "oh well" (*Id.*).

Plaintiff states that he was later moved to the county jail, where he was put in a holding cell for sixteen hours with no mat or blanket (*Id.* at 4–5). Plaintiff states that on May 10, he was moved to "max" while other unnamed inmates, presumably those he alleges assaulted him, went to general population, and that he still got his hour out but could not use the phone (*Id.* at 5). Plaintiff further alleges that inmate Philip Wright told plaintiff that defendant Whaley paid Wright in tobacco for "hits on people he did[] [not] like or want in the pod" (*Id.*). Plaintiff acknowledges that Sevier County Jail has a grievance procedure and that he did not use it, explaining that he "told [corrections officers] to give [him] a grievance several times just never got one" (Doc. 1 p. 2).

## II. SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca*

*Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotation marks omitted). The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment is an integral tool for securing the "just, speedy[,] and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of truth at trial." *Id.* at 322.

## III. ANALYSIS

### A. Defendant Parton

Defendant Parton alleges that he is entitled to judgment as a matter of law on the basis that he cannot be held liable for plaintiff's claims under a theory of "supervisory liability" (Doc. 12 p. 8). Plaintiff's only direct factual assertion as to defendant Parton is that he notified defendant Parton that he wanted to press charges against defendant Whaley, and defendant Parton responded "oh well" (Doc. 1 p. 4). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a federal right by a person acting under color of state law. *Wolutsky v. Huhn*, 960 F. 2d 1331, 1335 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere"). Plaintiff's assertion that defendant Parton was unmoved by plaintiff's potential pursuit of legal action against defendant Whaley fails to state a claim under § 1983.

As there are no other factual allegations directed against defendant Parton in the complaint, it appears that plaintiff is attempting to hold defendant Parton liable for the remaining acts and omissions in the complaint based upon a theory of supervisory liability. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, plaintiff must allege a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against that defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Likewise, a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (stating that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'" (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). *See also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that supervisory personnel's knowledge of and failure to respond to a prisoner's grievance and allegations of impropriety were insufficient to impose liability on supervisory personnel under § 1983).

Accordingly, defendant Parton is entitled to judgment as a matter of law on all claims set forth in the complaint.

### B. Exhaustion of Remedies

Defendant Whaley first alleges that he is entitled to judgment as a matter of law due to the fact that plaintiff did not utilize the prisoner grievance procedure at Sevier County Jail. Under the PLRA, a prisoner must exhaust all available administrative

- 4 -

Case 3:13-cv-00327-HSM-CCS   Document 15   Filed 03/20/15   Page 4 of 8   PageID #: 64

remedies prior to bringing a civil rights action pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1997e. Failure to exhaust administrative remedies is an affirmative defense which defendants must raise and prove. *Bruce v. Corr. Med. Servs., Inc.*, 389 Fed. App'x 462, 467 (2010). "Summary judgment is appropriate only if defendants establish the absence of a 'genuine issue of material fact' regarding non-exhaustion." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2010). An administrative remedy is not "available" for purposes of § 1997e where a plaintiff makes affirmative efforts to comply with the administrative procedure and prison officials improperly prevent him from using it. *Brock v. Kenton Cnty.*, 93 Fed. App'x 793, 798 (6th Cir. 2004).

Defendant Whaley has not established the absence of a genuine issue of material fact as to whether plaintiff exhausted his administrative remedies. Plaintiff alleges that he "told [corrections officers] to give [him] a grievance several times just never got one" (Doc. 1 p. 2).[1] Defendant Whaley has not set forth any proof regarding the availability of the grievance procedure at Sevier County. Accordingly, the Court is unable to determine whether plaintiff's requests for grievances from corrections officers were sufficient affirmative efforts to pursue the grievance process under the circumstances or whether the officers' acts of ignoring plaintiff's requests would "'deter a person of ordinary firmness from'" completing the grievance process. *Risher*, 639 F.3d at 240; *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576 (6th Cir. 2014). *See also Surles v. Andison*, 678 F.3d 452, 457 (6th Cir. 2012) (finding that where plaintiff alleged that he had attempted to file grievances and a prison official refused to file or process those grievances and defendants presented no contrary proof, defendants had not met their

---

[1] Plaintiff also states that he wrote and signed "statements" against defendant Whaley and a person named Murphy, but that a chief told him that he "[cannot] sign one on everybody" (Doc. 1 p. 1–2, 4, 5). Defendants have not addressed these assertions, and the nature and purpose of these alleged "statements" are unclear.

burden of production and persuasion on this issue for purposes of summary judgment). As such, defendant Whaley is not entitled to summary judgment on this issue at this time.

### C. Qualified Immunity

Defendant Whaley next alleges that he is entitled to judgment as a matter of law under the doctrine of qualified immunity. Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could have reasonably been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). In order to evaluate whether an officer is entitled to qualified immunity, courts generally perform a two-step inquiry. *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001).[2] First, the court determines whether the facts alleged by plaintiff "show the officer's conduct violated a constitutional right." *Id.* at 201. If plaintiff's factual allegations are insufficient to establish violation of any constitutional right, the court need not inquire further. *Id.* If plaintiff does allege a constitutional violation, the court next determines whether that the right allegedly violated was clearly established. *Id.* The relevant question for the Court regarding whether the right was clearly established is not the subjective intent of the defendant, but whether a reasonable officer would have believed the defendant's conduct to be lawful, in light of the clearly established law and information possessed by the defendant. *Anderson*, 43 U.S. at 641.

---

[2] While the Court notes that the Supreme Court has held that the two-step sequence set forth in *Saucier* "should not be regarded as an inflexible requirement" and that courts are not required to first determine whether the facts plaintiff alleges establish a violation of a constitutional right, *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), the Court finds that addressing both elements is appropriate here.

The Cruel and Unusual Punishment provision of the Eighth Amendment[3] protects prisoners from the infliction of "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). When prison officials are accused of using excessive force, "the core judicial inquiry . . . [is] whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Drawing all reasonable inferences in favor of plaintiff, the complaint alleges that defendant Whaley maliciously directed or, at a minimum, authorized inmates to assault plaintiff due to the fact that defendant Whaley did not like plaintiff and/or did not want him in his pod. Accepting these factual allegations as true, no reasonable officer would believe that defendant Whaley's alleged conduct was lawful under the circumstances. Accordingly, plaintiff has sufficiently alleged that defendant Whaley violated his Eighth Amendment right, and defendant Whaley is not entitled to qualified immunity.[4]

## D. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (Doc. 12) will be **GRANTED IN PART** as to defendant Parton and defendant Parton will be **DISMISSED** as a defendant. The motion for summary judgment (Doc. 12) will be **DENIED IN PART** as to defendant Whaley. Defendant Whaley's motion for summary judgment based upon the assertion that plaintiff has not fully exhausted his

---

[3] Defendants analyzed plaintiff's excessive force claim pursuant to the Eighth Amendment, and plaintiff did not file any response. While a pretrial detainee is protected from excessive force through the Due Process clauses of the Fourteenth Amendment, the Eighth Amendment provides a convicted prisoner with the same protection. Claims of excessive force under both these Amendments "are analyzed under the same rubric." *Villegas v. Metro. Gov't of Nashville*, 709 F. 3d 563, 568 (6th Cir. 2013).

[4] Defendant Whaley also seeks summary judgment on any remaining claims (Doc. 12 p. 14). As the Court finds that the complaint does not set forth any other claims "showing that [plaintiff] is entitled to relief against either defendant" pursuant to Rule 8 (a)(2) of the Federal Rules of Civil Procedure, this argument is moot.

administrative remedies as required by the PLRA will be **DENIED WITHOUT PREJUDICE**.

A separate judgment will enter.

**SO ORDERED**.

                                          */s/ Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE