UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TIMOTHY W. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-CV-327 |
| v. ) | |
| ) | Judge Mattice |
| ) | Magistrate Judge Lee |
| HAYDEN WHALEY,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is a pro se prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Before the Court is Defendant Whaley's unopposed motion for summary judgment [Doc. 17]. As Plaintiff has not filed a response, he has waived any opposition to this motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. TN. LR 7.2. For the following reasons, the motion for summary judgment [Doc. 17] will be **GRANTED** and this action will be **DISMISSED**.

## I. BACKGROUND

Defendant Whaley is the only remaining Defendant in this action [Doc. 1 p. 1, 3; Doc. 14]. In the complaint, Plaintiff alleges that on May 4, 2013, after Defendant Whaley gave another inmate "the go ahead," four inmates assaulted him in the shower in the annex jail [Doc. 1

---

[1] The Court's docket sheet lists First Med Inc. as an "Unnamed Defendant." It appears that this is due to the fact that an attorney filed a motion on behalf of "unnamed defendant" First Med Inc. in which he asserted that although Plaintiff had named "First Med Medical" as a Defendant, no such entity existed, and therefore requested that this entity be dismissed or that Plaintiff amend his complaint and serve it on the registered agent for First Med, Inc., whose name and address counsel provided [Doc. 10 p. 1–2]. As Plaintiff did not respond to this motion, the Court granted it and dismissed First Med Medical [Doc. 14]. As Plaintiff has not amended his complaint or sought service of process on First Med Medical, the Clerk is **DIRECTED** to terminate this unnamed Defendant. Fed. R. Civ. P. 4(m).

p. 3]. Plaintiff asserts that, after the assault, he showed Defendant Whaley his face and that Defendant Whaley said he "knew what happen[e]d [and] did[] [not] care" [*Id.* at 4]. Plaintiff further alleges that inmate Philip Wright told plaintiff that Defendant Whaley paid Wright in tobacco for "hits on people he did[] [not] like or want in the pod" [*Id.*].

## II. SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotation marks omitted). The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment is an integral tool for securing the "just, speedy[,] and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of truth at trial." *Id.* at 322.

## III. ANALYSIS

In his motion for summary judgment and the memorandum and affidavit in support thereof, Defendant Whaley has set forth undisputed evidence that: (1) he was the corrections

2

Case 3:13-cv-00327-HSM-CCS   Document 20   Filed 07/21/16   Page 2 of 3   PageID #: 86

officer assigned to Pod C during the 6 p.m. to 6 a.m. shift on May 4, 2013; (2) it did not matter to him where Plaintiff was housed; (3) he had no control over where Plaintiff was housed; (4) he did not see anyone assault Plaintiff at any time during his shift on May 4, 2013, and no inmates told him about it; (5) he did not tell anyone to assault Plaintiff; (6) Plaintiff did not tell him about any incident in which he was "jumped" in the bathroom by other inmates; (7) he has never given tobacco to an inmate; and (8) that he did not know until May 5, 2013, that Plaintiff had been assaulted by inmates the night before [Docs. 17, 18, 18-1, and 19]. As this evidence establishes that Defendant Whaley did not violate Plaintiff's constitutional rights as alleged in the complaint and Plaintiff has not rebutted this evidence, Defendant Whaley has carried his burden of setting forth evidence that no genuine issue of material fact remains in this action.

### IV. CONCLUSION

For the foregoing reasons, Defendant Whaley's motion for summary judgment [Doc. 17] will be **GRANTED** and this action will be **DISMISSED**. The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Thus, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER SHALL ENTER**.

    */s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE